IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS JOHN CARTER,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>　　　Defendant. | Case No. 18-CV-186<br><br>Judge Jorge L. Alonso |

## ORDER

For the reasons that follow, Defendant's Motion to Dismiss [11] is granted, and Defendant's Motion for Sanctions [42] is denied. All other motions are denied as moot. All previously set dates are stricken. This action is dismissed with prejudice. Civil case terminated.

## STATEMENT

Plaintiff Thomas John Carter is a retired U.S. Army Captain. He alleges that on November 7, 2017, he went to a Chase bank in Streamwood, Illinois, where he attempted to access his account. He complains that a bank teller he describes as "Muslim Teller" initially refused to accept his military ID card as valid identification in processing the transaction, and that another employee had to advise her it was an acceptable form of identification before the transaction was completed. [Dkt 26 at 3.] He complains of harm as a result of this exchange.

Mr. Carter initially filed a single-count complaint against JP Morgan Chase Bank ("Chase") in the Circuit Court of Cook County alleging a violation of the Illinois Human Rights Act, 735 ILCS § 5/1-102 ("IHRA"). [Dkt 1-1.] Chase removed the case to federal court, and then moved to dismiss based on the failure to exhaust administrative remedies. [Dkt 1, 11.]

In response, Mr. Carter filed an "Amended Complaint for Violation of Constitutional Rights," [dkt 25] and an "Amended Complaint for Violation of Constitutional Rights Memorandum," adding a number of claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and other statutes prohibiting discrimination in employment and public accommodations, 42 U.S.C. §§ 1983, 1985 and 1986, the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), as well as a claim of negligence for failing to follow Chase's internal procedures. [Dkt 26.] He also belatedly filed a charge of national origin discrimination before the Illinois Department of Human Rights ("IDHR") [dkt 30 at 7-8], and then requested it be withdrawn two weeks later. [*Id.* at 6.] Accordingly, the IDHR closed Mr. Carter's charge. [Dkt 38-1.] He filed a second charge of discrimination, also alleging national origin discrimination, as well as race and age discrimination. [*Id.* at 5.] The EEOC dismissed the charge shortly thereafter on the basis that there was no employer-employee relationship between the parties. [Dkt 26 at 17.]

Although Mr. Carter proceeds *pro se*, he is no stranger to federal court litigation, as he has previously unsuccessfully tried to bring claims against Chase similar to those he forwards here. Specifically, he has previously filed at least four lawsuits in this District against Chase stemming from his attempt to use his military ID in conjunction with his 2014 application for a job. [*See* N.D. Ill. Case Nos. 15 CV 2256, 16 CV 6818, 16 CV 9732, 17 CV 6216.] Each of those actions was dismissed, and the two dismissals he appealed were affirmed. [*See* 7th Cir. Case Nos. 16-1082 and 17-1801.] In addition, because Mr. Carter ignored the warnings of the District Court as well as the Court of Appeals against attempting to re-litigate his complaints regarding the events of that day, he has been sanctioned $3,000 and "enjoined from making any further attempts in the United States District Court for the Northern District of Illinois to litigate the claims arising from the events of April 24, 2014." *Carter v. JP Morgan Chase Bank, N.A.*, No. 17 CV 6216, 2017 WL 5454455, at * 3 (N.D. Ill. Nov. 14, 2017).

## DISCUSSION

Chase initially moved to dismiss on the basis of Mr. Carter's failure to exhaust his administrative remedies. After the deadline to respond to the motion had passed, Mr. Carter amended his complaint, adding several additional claims which Chase now also seeks to dismiss. Given that Mr. Carter is *pro se*, the Court has accepted his amended complaint as the operative one despite his failure to seek leave to file it.

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all possible inferences in plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). A *pro se* complaint is held to less stringent standards than one drafted by an attorney, and is accordingly construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The Court thus turns to consideration of Mr. Carter's claims. His IHRA claim fails as a matter of law. Mr. Carter initially failed to exhaust his administrative remedies, 775 ILCS § 5/7A-102, a failure which would have resulted in dismissal. *See, e.g., Baizar v. Moy*, No. 15 CV 8292, 2016 WL 772861, at *2 (N.D. Ill., Feb. 29, 2016). Mr. Carter tried to fix this error, by filing and then withdrawing a charge of discrimination before the IDHR. Chase argues these acts demonstrate that Mr. Carter has abandoned his IHRA claim or at least that he has "no interest in complying with the pre-suit requirements for prosecuting a valid claim under the IHRA." [Dkt 29 at 4.] While this may be so, the Court need not reach that conclusion. Even if Mr. Carter's

tardy filing could correct his procedural misstep, his complaint nevertheless fails to state a claim under the IHRA. To state such a claim, Mr. Carter must plead that he was denied or refused the full and equal enjoyment of the facilities, goods, or services of a place of public accommodation on the basis of a protected status. 775 ILCS § 5/5-102(A). Mr. Carter pleads no such denial nor could he amend to do so given his other allegations. Mr. Carter acknowledges in his amended complaint that his banking transaction was completed; he alleges only that a Chase teller "initially" would not accept his military ID as valid identification. [Dkt 26 at 2-3.] He further alleges that a manager told the teller his ID was acceptable, and later called him to apologize. [*Id*. at 3.] The gist of his complaint appears to be that the teller "showed no remorse as she completed the transition [*sic*]." *Id.* This fails to state a claim. Moreover, while Mr. Carter's complaint alleges discrimination on the basis of his veteran status, his tardy charge alleges discrimination on a different basis, national origin. In addition, Mr. Carter's other filings in this matter acknowledge that he continues to bank with Chase, and that he accessed one of its branches to obtain funds after the events of which he complains. [*See, e.g.,* dkt 17 at 1.]

Plaintiff's additional claims similarly fail as a matter of law. To the extent Mr. Carter seeks to allege claims under Title VII, the Age Discrimination in Employment Act, or the Uniformed Services Employment and Reemployment Rights Act, they fail because Mr. Carter alleges no employment relationship with Chase. Likewise, to the extent Mr. Carter invokes laws affording hiring preferences for veterans, and other employment rights of veterans and government employees, none of those laws apply to the facts about which Mr. Carter complains. Likewise, Mr. Carter's claim under 42 U.S.C. §1983, 1985 and 1986 fails because Chase is not a state actor nor has Mr. Carter alleged anything to suggest a conspiracy or that Chase's actions invoked any state authority. *See, e.g., London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010); *Davis v. Union Nat'l Bank*, 46 F.3d 24, 25 (7th Cir. 1994); *Abatangelo v. Wells Fargo Bank, N.A.*, 719 Fed. App'x. 520, 523 (7th Cir. Dec. 15, 2017) (affirming dismissal of "obviously frivolous complaint" and noting, "Private banks are normally not state actors").

Similarly, Mr. Carter's public accommodations claim fails because Mr. Carter does not allege a disability or a denial of services or other public accommodation. Finally, to the extent Mr. Carter complains that the first teller to whom he spoke failed to follow a Chase Bank rule authorizing certain forms of identification, that complaint does not give rise to any negligence claim. Because Mr. Carter fails to state any plausible claim against Chase, the complaint is dismissed with prejudice.

Given Mr. Carter's history of frivolous filings against Chase, his failure to state any claim here despite his multiple filings, his reference to events which he has been enjoined from attempting to re-litigate in this District, and his attempts to obtain information from Chase employees despite a discovery stay, Chase has requested sanctions be imposed against Mr. Carter. Specifically, Chase seeks a monetary sanction of $9,000 or its fees and costs incurred in this matter, an order barring Mr. Carter from filing any further filings in any forum "pertaining to the subject matter of this lawsuit, including without limitation any allegations that Chase or its representatives or agents failed to accept Plaintiff's military ID card and discriminated against Plaintiff on any occasion on or before the date of the final judgment in this matter," and an order requiring Mr. Carter to seek leave of any court or other tribunal before filing any new claim or

action against Chase. [Dkt 42.] Mr. Carter resists the imposition of sanctions, emphasizing the IDHR proceedings and the allegations of his amended complaint.

In addition to the powers vested by the Federal Rules of Civil Procedure, the power to impose sanctions for bad-faith litigation is one of the inherent or implied powers which federal courts necessarily possess "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotations omitted). "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987). In fashioning such a remedy, the court must preserve the "sound and orderly administration of justice," while at the same time taking care to protect the litigant's right of access to the court's processes. *Id.* (Internal quotations and citations omitted).

Chase argues that Mr. Carter has engaged in a pattern of frivolous and bad faith litigation, and that he should be sanctioned for violating the previous bar order. While this Court agrees that many of Mr. Carter's filings lack merit, the Court declines to impose sanctions at this juncture. Mr. Carter's filings in this action did not violate the prior order which was limited to "claims arising from the events of April 24, 2014." *Carter*, 2017 WL 5454455, at * 3. Although his amended complaint referenced the 2014 events, it did so only in the introduction section. While his complaint here is similarly themed as his previous ones, it is not focused on the events subject to the bar, but rather on a similar exchange that transpired in 2017. Further, given that Mr. Carter acts without counsel and apparently remains a customer of Chase, the Court does not conclude that his reported conversation with a Chase employee was an attempt to violate the discovery stay.

That said, however, it is clear that Mr. Carter has previously been provided specific rulings on what certain of the laws he invokes here do and do not provide. For example, Mr. Carter's first suit against Chase was dismissed among other reasons because USERRA only imposes liability on employers. [*See, e.g.,* N.D. Ill. Case No. 15-CV-2256 at dkt 36.] Yet Mr. Carter attempted to bring a USERRA claim here on plainly inapplicable facts. This suggests more than an ignorance of the law, but an intent to harass Chase. On the other hand, no bad faith is necessarily ascribed to certain of Mr. Carter's other claims despite that they also fail on their merits, and Chase would in any event be called upon to defend them. Weighing all circumstances presented then, the Court declines to impose sanctions. Mr. Carter is cautioned that this is not a license to file a complaint that lacks a good faith basis. While the Court does not doubt Mr. Carter's frustration with the perceived lack of respect afforded him on account of his military status, however, he must understand that the causes of action he has repeatedly tried to bring in this District do not withstand scrutiny. To be clear, despite his protestations to the contrary, there is no federal law that states, "Thou shall not discriminate against the United States Military." [Dkt 26 at 1.]

Given the record in this matter and the previous cases between the parties, the Court has specifically considered whether a broader litigation bar than the one already imposed is necessary under the circumstances and declines to impose one. Nevertheless, Mr. Carter is warned that this order disposes of the facts of which he complains in this case. Any attempt to

4

file another action in this District re-litigating the claims brought herein will lead to financial or other penalties that may include restrictions on Mr. Carter's access to the court.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [11] is granted, and Defendant's Motion for Sanctions [42] is denied. All other motions are denied as moot. All previously set dates are stricken. This action is dismissed with prejudice. Civil case terminated.

Date: 9/5/2018

_____
Jorge L. Alonso
United States District Judge